IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GRACE JO P. O'LEARY,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　　　)　　No. 08 CV 08
　　v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　　Judge Robert W. Gettleman
MIRA BOOKS, a division of Harlequin Enterprises )
Ltd.; MAUREEN WALTERS, Vice President,　　)
Curtis Brown, Ltd.; JOSIE SCHOEL, Literary　)
Assistant, Curtis Brown, Ltd.; and LAURA　　)
CALDWELL, Author,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　　　　　)

**AMENDED MEMORANDUM OPINION AND ORDER**

Plaintiff Grace Jo P. O'Leary has filed a pro se complaint[1] for copyright infringement

pursuant to the Copyright Act of 1976, 17 U.S.C. 101, against defendants Mira Books, a division

of Harlequin Enterprises Ltd.; Maureen Walters, Vice President, Curtis Brown, Ltd.; Josie

Schoel, Literary Assistant, Curtis Brown, Ltd.[2]; and Laura Caldwell.  Defendants Mira Books,

Walters, and Caldwell have filed motions to dismiss the complaint for failure to state a claim

pursuant to Fed. R. Civ. P. 12(b)(6), and defendant Caldwell has filed a motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(5) for improper service of process.  For the reasons discussed

---

[1]Plaintiff was represented by counsel from March 18, 2008, through April 15, 2008.
Both her complaint and her response to defendants' Fed. R. Civ. P. 12(b)(5) and 12(b)(6)
motions were filed pro se.

[2]No appearance has been filed in the instant case on behalf of defendant Schoel, probably
because the record does not indicate that she has been served with process.  Because plaintiff
fails to state a claim against defendant Schoel, however, the court will dismiss all claims against
her sua sponte.

below, the court grants defendants' 12(b)(6) motions and denies defendant Caldwell's 12(b)(5)

motion as moot.

# FACTS[3]

In October 2004, plaintiff began drafting a novel entitled <u>What If</u>.  Plaintiff completed

her first draft on January 27, 2005, and continued to revise her manuscript thereafter.  On August

31, 2005, plaintiff attended a book signing for defendant Caldwell, an author with whom plaintiff

had some familiarity.[4]  Plaintiff told Caldwell about her manuscript, and Caldwell suggested she

contact defendant Walters, her literary agent.  Plaintiff called Walters at Curtis Brown, Ltd., a

literary agency, and was given the e-mail address of defendant Schoel, Walters's assistant.

Plaintiff  submitted a copy of her manuscript to defendant Schoel on September 30, 2005.  On

November 8, 2005, Schoel sent plaintiff an e-mail stating that the manuscript "didn't hold [her]

interest" and that Curtis Brown was not interested in publishing her novel.  Schoel did not return

the copy of the manuscript to plaintiff.

On August 26, 2006, plaintiff wrote to defendant Schoel to inform her that she had

revised <u>What If</u>.  When defendant Schoel did not respond, plaintiff concluded that some

infringement of her manuscript had taken place.[5]  Plaintiff then began a "search" for "suspected

---

[3]For purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff.  <u>Travel Around the World, Inc. v. Kingdom of Saudi Arabia</u>, 73 F.3d 1423, 1428 (7th Cir. 1996).

[4]According to plaintiff, her former husband was a childhood friend of defendant Caldwell's father.  Additionally, in 1993, plaintiff worked for a short period in a Chicago law firm where defendant Caldwell was an associate.

[5]Plaintiff also claims that some infringement of her work occurred after she submitted a
(continued...)

infringements" of her manuscript by reading back issues of "Publishers Weekly" and looking in Borders bookstores in Oak Park and Chicago, Illinois. On August 11, 2007, plaintiff saw a notice that defendant Caldwell would soon publish a new novel entitled The Good Liar. Plaintiff purchased two copies of that book, published by defendant Mira Books, on December 23, 2007.

According to plaintiff, defendant Caldwell's novel copies portions of What If. Plaintiff's manuscript concerns an aging musician and his relationship with a paralegal. Defendant Caldwell's The Good Liar is about a counter-terrorist organization called "The Trust." Plaintiff has identified passages of Caldwell's novel that she believes have been copied from her manuscript. These passages demonstrate that both novels, among other things, are set in the Chicago area, have characters with blonde hair, discuss sex and alcohol, and make references to bookcases and coffee.

## DISCUSSION

Defendants Mira Books, Walters, and Caldwell have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading "requires 'only a short and plaint statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, -- U.S. --, 127 S. Ct. 2197 (June 4, 2007) (citing Bell Atlantic Corp. v. Twombley, -- U.S. ---, 127 S.Ct. 1955, 1964 (2007). When ruling on a motion to dismiss, When ruling on a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the

---

[5](...continued)
copy of her manuscript to a "Chicago professor" for review and editing at some point between January 28, 2005, and February 2, 2005.

plaintiff.  Moranski v. General Motors Corp., 433 F.3d 537, 539 (7th Cir. 2005).  "Factual

allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic,

127 S.Ct. at 1964-65.

Copyright Infringement

Plaintiff claims that defendant Caldwell copied portions of What If in her novel The

Good Liar, which defendant Mira Books then published.  To establish a claim of copyright

infringement, plaintiff must demonstrate (1) ownership of a valid copyright, and (2) "copying" of

the original constituent elements of the work.  JCW Investments, Inc. v. Novelty, Inc., 289 F.

Supp. 2d 1023, 1031 (N.D. Ill. 2003).

The parties do not dispute that plaintiff possesses a valid copyright.  The court will

therefore focus only on the second prong of the test for copyright infringement.  Plaintiff alleges

that The Good Liar directly copies portions of her manuscript.  Plaintiff, however, has provided

no support for her assertion; the comparison chart she provides her complaint does not make

reference to any directly quoted passages.[6]  Plaintiff may still establish copying, though, by

demonstrating that "the defendant had access to the copyrighted work and the accused work is

substantially similar to the copyrighted work."  Susan Wakeen Doll Co., Inc. v. Ashton Drake

Galleries, 272 F.3d 441, 450 (7th Cir. 2001).  Substantial similarity exists when "the accused

work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that

the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of

---

[6]Plaintiff does claim that both novels use the phrase "guilty as charged."  Usage of such a common phrase does not constitute infringement.  See, e.g., Bucklew v. Hawkins, Ash, Baptie & Co., 329 F.3d 923, 929 (7th Cir. 2003) (no infringement for features that are "so rudimentary, so commonplace, standard or unavoidable that they do not serve to distinguish one work within a class of works from another").

substance and value." <u>Wildlife Exp. Corp. v. Carol Wright Sales, Inc.</u>, 18 F.3d 502, 508-09 (7th Cir. 1994).

There is simply no substantial similarity between the two written works at issue. As discussed above, plaintiff's manuscript concerns the relationship between a rock star and a paralegal, while defendant Caldwell's novel tells the story of a counter-terrorist unit. Plaintiff, in fact, does not allege that defendant Caldwell appropriated any plot elements from her manuscript. Plaintiff claims only that certain passages in the two novels are similar. The passages identified by plaintiff as "substantially similar," however, are nothing more than references to common things, places, and emotional states. The fact that both written works refer to coffee, bookcases, and blonde women hardly makes them substantially similar; a random comparison of any two books at the local bookstore would likely reveal the very same references. Plaintiff cannot establish that the works at issue are substantially similar. For that reason, the court grants defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

<u>Potential State Law Claims</u>

Plaintiff alleges that defendant Mira Books has "engaged in unfair trade practices and unfair competition" by publishing <u>The Good Liar</u>. These allegations could possibly be construed as common law claims for which plaintiff seeks equitable relief. Defendant Mira Books asserts that these claims are preempted by the Copyright Act.

The Seventh Circuit uses a two-part test to determine whether federal copyright law preempts a state law claim. First, the work in which the copyright is asserted must be "fixed in a tangible medium of expression" and come within the subject matter of copyright as specified in Section 102 of the Copyright Act. <u>Baltimore Orioles, Inc. v. Major League Baseball Players</u>

Ass'n, 805 F.2d 663, 674 (7th Cir. 1986). Plaintiff's work is in written form, and plaintiff has registered for a copyright, bringing her manuscript within the subject matter of the Copyright Act.

Second, the right asserted by plaintiff must be equivalent to any of the rights specified in Section 106 of the Act.[7] Id. at 677-78. Plaintiff asserts that defendant Mira Books published and marketed The Good Liar, which infringed on her right to reproduce and distribute What If as protected by Section 106 of the Act. Plaintiff's claim of "unfair trade practices and unfair competition" are based on the very same publishing and marketing of The Good Liar and involve the same rights protected by Section 106 of the Act. Because both prongs of the test are satisfied, the court finds that any potential state law claims alleged by plaintiff are preempted by the Copyright Act.

## CONCLUSION

For the reasons discussed above, the court grants defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The court also dismisses the complaint as to defendant Schoel. Defendant Caldwell's 12(b)(5) motion is denied as moot. Both dismissals are with prejudice.

**ENTER:** **August 18, 2008**

_____

**Robert W. Gettleman**
**United States District Judge**

---

[7]Section 106 of the Copyright Act grants the owner of a copyright the exclusive rights to reproduce (whether in original or derivative form), distribute, perform, and display the copyrighted work.